O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

PHILLIP ESTRADA,          )    NO. CV 06-2435-E
                          )
          Plaintiff,  )
                          )
    v.                 )    **MEMORANDUM OPINION**
                          )
JO ANNE B. BARNHART, COMMISSIONER )    **AND ORDER OF REMAND**
OF SOCIAL SECURITY ADMINISTRATION, )
                          )
          Defendant.  )
_____)

    Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

    Plaintiff filed a complaint on April 26, 2006, seeking review of the Commissioner's denial of benefits.  The parties filed a consent to proceed before a United States Magistrate Judge on May 8, 2006.  Plaintiff filed a motion for summary judgment on

1  October 2, 2006.  Defendant filed a cross-motion for summary judgment

2  on October 31, 2006.  Plaintiff filed a response to Defendant's

3  cross-motion for summary judgment on November 9, 2006.  The Court has

4  taken the motions under submission without oral argument.  See L.R.

5  7-15; "Order," filed April 28, 2006.

6

7               **BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

8

9       Plaintiff asserts disability based on, <u>inter alia</u>, an alleged

10 cardiac impairment (Administrative Record ("A.R.") 55-58, 72, 206-09,

11 216).  Dr. Ugalde, whom Defendant now concedes is a treating

12 physician, opined Plaintiff's alleged cardiac impairment disables

13 Plaintiff (A.R. 206-09).

14

15      The Administrative Law Judge ("ALJ") denied benefits in a

16 decision erroneously stating that Dr. Ugalde is not Plaintiff's

17 treating physician (A.R. 21-27).  Without further inquiry of

18 Dr. Ugalde, the ALJ rejected Dr. Ugalde's opinion as allegedly

19 insufficiently supported (A.R. 22).  The Appeals Council denied

20 review (A.R. 7-9).

21

22                          **STANDARD OF REVIEW**

23

24      Under 42 U.S.C. section 405(g), this Court reviews the

25 Commissioner's decision to determine if: (1) the Commissioner's

26 findings are supported by substantial evidence; and (2) the

27 Commissioner used proper legal standards.  See <u>Swanson v. Secretary</u>,

28 763 F.2d 1061, 1064 (9th Cir. 1985).

**DISCUSSION**

A treating physician's conclusions "must be given substantial weight." <u>Embrey v. Bowen</u>, 849 F.2d 418, 422 (9th Cir. 1988); <u>see</u> <u>Rodriquez v. Bowen</u>, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion . . . This is especially true when the opinion is that of a treating physician") (citation omitted). Even where the treating physician's opinions are contradicted,[1] "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." <u>Winans v. Bowen</u>, 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted); <u>see</u> <u>Rodriquez v. Bowen</u>, 876 F.2d at 762 ("The ALJ may disregard the treating physician's opinion, but only by setting forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence") (citation and quotations omitted); <u>McAllister v. Sullivan</u>, 888 F.2d 599, 602 (9th Cir. 1989) ("broad and vague" reasons for rejecting the treating physician's opinions do not suffice).

Section 404.1512(e) of 20 C.F.R. provides that the Administration "will seek additional evidence or clarification from your medical source when the report from your medical source contains

---

[1] Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons. <u>Smolen v. Chater</u>, 80 F.3d 1273, 1285 (9th Cir. 1996); <u>Gallant v. Heckler</u>, 753 F.2d 1450, 1454 (9th Cir. 1984).

a conflict or ambiguity that must be resolved, the report does not
contain all of the necessary information, or does not appear to be
based on medically acceptable clinical and laboratory diagnostic
techniques."  See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir.
1996) ("If the ALJ thought he needed to know the basis of Dr.
Hoeflich's opinions in order to evaluate them, he had a duty to
conduct an appropriate inquiry, for example, by subpoenaing the
physicians or submitting further questions to them.  He could also
have continued the hearing to augment the record") (citations
omitted); see also Brown v. Heckler, 713 F.2d 441, 443 (9th Cir.
1983) ("the ALJ has a special duty to fully and fairly develop the
record and to assure that the claimant's interests are considered").

     In the present case, the ALJ erred by failing to regard
Dr. Ugalde as Plaintiff's treating physician.  The Court cannot
conclude that this error was harmless.  Defendant essentially argues
that the ALJ would have rejected Dr. Ugalde's opinion to the same
extent, and for the same reasons, even if the ALJ had realized
Dr. Ugalde's opinion was entitled to the "substantial weight" the law
requires to be accorded to the opinion of a treating physician.  To
so conclude would require impermissible speculation.  See Gonzalez v.
Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990) ("[W]e are wary of
speculating about the basis of the ALJ's conclusion . . .").  The
mere contradiction of Dr. Ugalde's opinion by consultative physicians
does not satisfy the requirement of stating specific, legitimate
reasons for rejecting Dr. Ugalde's opinion.  See, e.g., Lester v.
Chater, 81 F.3d 821, 830-31 (9th Cir. 1995).  Moreover, because
Dr. Ugalde is a treating physician, the ALJ was required to make

further inquiry of Dr. Ugalde to determine the bases for the doctor's opinion prior to rejecting the opinion as insufficiently supported. See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996); 20 C.F.R. § 404.1512(e).

When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." INS v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984).

The Ninth Circuit's decision in Harman v. Apfel, 211 F.3d 1172 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) ("Harman") does not compel a reversal rather than a remand of the present case.  In Harman, the Ninth Circuit stated that improperly rejected medical opinion evidence should be credited and an immediate award of benefits directed where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." Harman at 1178 (citations and quotations omitted).  Assuming, arquendo, the Harman holding survives the

5

Supreme Court's decision in <u>INS v. Ventura</u>, 537 U.S. 12, 16 (2002),[2]
the <u>Harman</u> holding does not direct reversal of the present case.
Outstanding issues still must be resolved before a determination of
disability can be made.  Further, it is not clear from the record
that the ALJ would be required to find Plaintiff disabled for
the entire claimed period of disability were the opinion of
Dr. Ugalde credited.

**CONCLUSION**

    For all of the foregoing reasons,[3] Plaintiff's and Defendant's
motions for summary judgment are denied and this matter is remanded
for further administrative action consistent with this Opinion.

    LET JUDGMENT BE ENTERED ACCORDINGLY.

        DATED:  November 28, 2006.


                    _____/S/_____
                              CHARLES F. EICK
                      UNITED STATES MAGISTRATE JUDGE

---

    [2]    The Ninth Circuit has continued to apply <u>Harman</u>, despite
<u>INS v. Ventura</u>.  <u>See</u> <u>Benecke v. Barnhart</u>, 379 F.3d 587, 595 (9th
Cir. 2004).

    [3]    The Court has not reached any other issue raised by
Plaintiff except insofar as to determine that Plaintiff's arguments
in favor of reversal rather than remand are unpersuasive.